**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WENDY EFFENDY,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-70154

Agency No. A095-629-854

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Wendy Effendy, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from the immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings.  *Abebe v. Gonzales*, 432 F.3d 1037, 1039-40 (9th Cir. 2005) (en banc).  We deny the petition for review.

The record does not compel the conclusion that Effendy established changed or extraordinary circumstances to excuse the delay in filing his asylum application beyond the one-year deadline.  *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam).  Accordingly, we deny the petition as to Effendy's asylum claim.

Based on the different names, birth dates, and places of birth that Effendy presented in his Indonesian passports and in his child's birth certificate, substantial evidence supports the IJ's adverse credibility determination.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (upholding adverse credibility finding where inconsistencies went to key elements of the asylum claim, including identity); *Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000) ("At the very least, the record does not compel the opposite conclusion.").  Accordingly, in the absence of credible testimony, Effendy's withholding of removal claim fails.  *See Farah*, 348 F.3d at 1156.

Effendy fails to raise any substantive challenge to the denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in the argument portion of a brief are deemed waived).

**PETITION FOR REVIEW DENIED.**